NO. 29211

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALIKA PARKS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-CR. NO. 07-1-0070)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Alika Parks (Parks) appeals from the Order of Resentencing and Revocation of Deferred Acceptance of No Contest Plea entered June 12, 2008, by the Family Court of the Fifth Circuit (family court).[1]

On May 21, 2007, Parks was charged by petition with one count of Abuse of a Family and Household Member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2009), and one count of Harassment, a petty misdemeanor, in violation of HRS § 711-1106 (Supp. 2007).

The abuse charge was dismissed, and Parks pleaded no contest to the harassment charge. Upon a motion by Parks, the family court[2] granted a deferred acceptance of a no contest plea (DANCP). The family court deferred proceedings until April 30, 2008, upon the condition, among others, that Parks submit to a substance abuse evaluation.

On April 16, 2008, the State filed a "Motion for Revocation or Modification of Probation and for Issuance of a Bench Warrant" (motion for revocation). Attached to the motion was the affidavit of Parks's probation officer, who stated that

---

[1] Per diem District Court Judge Joseph N. Kobayashi presided.

[2] The Honorable Calvin K. Murashige ordered the abuse charge dismissed and granted Parks's motion for a DANCP.

she had been notified by a substance abuse treatment facility that Parks did not appear for a scheduled evaluation.

The State began the May 20, 2008 hearing on the motion for revocation by noting that the motion for revocation "should have been a motion to set aside deferred acceptance of no contest plea." The State then, without objection, withdrew the motion for revocation and filed in open court its "Motion to Set Aside Deferred Acceptance of No Contest Plea and For Issuance of a Bench Warrant" (motion to set aside). The family court set aside the DANCP and sentenced Parks to a one-year term of probation and a suspended jail sentence.

Parks's sole argument on appeal is that the family court lacked jurisdiction to grant the State's motion to set aside because it was filed after the deferral period ended.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that the family court had jurisdiction to rule on the State's motion.

Where the defendant has entered a plea of nolo contendere to a petty misdemeanor, the court may defer proceedings for no more than one year. See HRS § 853-1(b) (1993 and Supp. 2009) The trial court retains jurisdiction over a motion to set aside the deferred acceptance of a plea so long as the motion is filed before the deferral period ends. See State v. Kaufman, 92 Hawai'i 322, 328, 991 P.2d 832, 838 (2000) (citing HRS § 853-1(c) (1976 and Supp. 1984)). A motion to set aside the deferral will toll the deferral period until the motion is heard and decided. See id. at 328-30, 991 P.2d at 838-40.

Here, during the deferral period, the State filed a motion to set aside a DANCP mistakenly labeled as a motion for revocation. The issue is whether the mis-titled motion could serve to toll the deferral period.

Admittedly, there is a notable difference between probation and deferred acceptance of guilty plea (DAGP)/DANCPs.

State v. Putnam, 93 Hawai'i 362, 367-68, 3 P.3d 1239, 1244-45 (2000) ("There is no 'conviction' when the acceptance of a guilty plea is deferred. . . . On the other hand, probation is a disposition that follows only after a conviction.") Nevertheless, a motion to revoke probation and a motion to set aside a DAGP/DANCP have the same basis: that the defendant violated the court-ordered terms of his sentence. Compare HRS § 706-625(3) (Supp. 2009) with HRS § 853-3 (1993).

It is clear from the transcript that the prosecution intended that the motion to set aside substitute for the motion for revocation. The essence of the two motions -- that Parks failed to comply with the terms of his sentence -- was identical, as were the documents filed in support of the motions. To view the motion to revoke probation as something other than a motion to set aside the DANCP would be "raising form over substance." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002). Indeed, the affidavit attached to both motions was entitled "Affidavit for Motion [to] Set Aside Deferred Acceptance of Guilty or Nolo Contendere Plea."

As a matter of due process, the defendant must be notified of a motion to revoke probation or to set aside a DAGP or DANCP so that he may contest it. State v. Shannon, 118 Hawai'i 15, 31, 185 P.3d 200, 216 (2008). Although inappropriately titled, the April 16 motion sufficiently apprised Parks that the basis for setting aside his DANCP was his absence at a scheduled substance abuse evaluation. The mislabeling of the motion did not infringe on Parks's ability to contest this allegation.

Parks relies on Shannon for the proposition that a motion to set aside, which is defective because it is made orally, will not toll the deferral period. Shannon is inapplicable here. In contrast to Shannon, the record indicates Parks had ample notice in writing of the terms of his plea agreement and his alleged violation. See Shannon, 118 Hawai'i at 18, 185 P.3d at 203.

The motion for revocation was entered before the deferral period expired and tolled the deferral period until the date the court heard the motion to set aside. As such, the family court retained jurisdiction over the motion to set aside.

Therefore,

IT IS HEREBY ORDERED that June 12, 2008 Order of Resentencing and Revocation of Deferred Acceptance of No Contest Plea entered by the Family Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 23, 2010.

On the briefs:

Donovan O. Odo
Deputy Public Defender,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kaua'i
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4